OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas, wherein appellant, Jonas L. Smith, pled guilty to one count of misuse of credit cards and one count of forgery.
 {¶ 2} The charges in the instant case stem from Smith buying a stolen credit card and subsequently using it to purchase approximately $1,200 in merchandise. The merchandise was subsequently recovered.
 {¶ 3} On February 15, 2002, Smith was indicted by the Lake County Grand Jury on one count of misuse of credit cards, a felony in the fifth degree; one count of receiving stolen property, a felony in the fifth degree; one count of falsification in a theft offense, a felony of the fifth degree; one count of theft, a felony of the fifth degree; and one count of forgery, a felony in the fifth degree.
 {¶ 4} Smith waived his right to be present at his arraignment, and the trial court entered a not guilty plea on his behalf to all the charges. Smith subsequently withdrew his not guilty plea and entered a plea of guilty to one count of misuse of credit cards and one count of forgery. A nolle prosequi was entered on the remaining counts in the indictment.
 {¶ 5} On June 27, 2002, Smith was sentenced to three years community control. As part of the community control sanction, Smith participated in the Northeast Ohio Community Alternative Program (NEOCAP). On December 30, 2002, the state filed a motion to terminate community control as Smith had been discharged from his job. The discharge was the result of sexual harassment allegations made against Smith by a female coworker.
 {¶ 6} Smith entered a plea of guilty to the charge of violating the terms of his community control. The trial court accepted Smith's guilty plea and sentenced him to eleven months imprisonment on the misuse of credit cards count, and six months imprisonment on the forgery count, to be served consecutive to each other, with credit for two hundred fifty-five days for time already served.
 {¶ 7} On March 10, 2003, Smith filed a motion for bail pending appeal, pursuant to Crim.R. 46 and App.R. 8. Smith contended that as he was sentenced to eleven months imprisonment and six months imprisonment respectively, on each count, with two hundred fifty-five days credit for time served, he would complete his prison sentence before his appeal was concluded. The state filed a motion in opposition. The trial court subsequently denied Smith's motion for bail in a judgment entry dated April 10, 2003.
 {¶ 8} Smith presents a single assignment of error on appeal:
 {¶ 9} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 10} The trial court denied Smith's motion for bail pending appeal. Moreover, Smith began serving his prison sentence on January 24, 2003, with two hundred fiftyfive days credit for time served. Thus, Smith completed his prison sentence at the time this appeal was heard in March 2004.
 {¶ 11} "If an individual has already served his sentence, there is no collateral disability of loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, * * * no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue."[1]
 {¶ 12} Therefore, Smith's assignment of error relating to the imposition of consecutive sentences is hereby rendered moot.
 {¶ 13} Although Smith's assignment of error is moot, we would note that the trial court fully complied with the statutory mandates. Smith contends that the trial court erred when it failed to provide reasons in support of the imposition of consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).
 {¶ 14} R.C. 2929.14(E)(4), governing consecutive sentencing reads, in pertinent part:
 {¶ 15} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 16} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 17} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 19} In addition to making the findings pursuant to R.C.2929.14(E)(4), the trial court must make findings justifying the imposition of consecutive sentences per R.C.2929.19(B)(2)(c).[2] Moreover, the Supreme Court of Ohio has recently held that "when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."[3]
 {¶ 20} In the instant case, in accordance with R.C.2929.14(E)(4), the trial court made the following statement at the sentencing hearing:
 {¶ 21} "The Court finds that consecutive sentences are necessary in order to protect the public and punish the offender and not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.
 {¶ 22} "The Court finds that the offenses were committed while the offender was awaiting trial or sentencing and that is in this instance he violated the terms of his probation. That harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct in that as explained above the defendant stole the credit card and then attempted to use them in the amount of $1,200.00. The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from crime by the offender."
 {¶ 23} Moreover, the trial court made the following findings pursuant to R.C. 2929.19(B)(2)(c):
 {¶ 24} "The Court gives the following reason for imposing consecutive sentences under 2929.19(B)(2)(c) in that this is a probation violation and that the defendant's conduct in the original case was egregious in that he stole the credit cards or credit card and then used the credit card to obtain merchandise in the amount of $1,200.00."
 {¶ 25} Thus, we conclude that the trial court properly adhered to the statutory requirements of both R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when it imposed consecutive sentences.
 {¶ 26} Smith also asserts that any reasons set forth by the trial court for imposing consecutive sentences were not supported by the record and, moreover, the trial court did not give adequate consideration to the circumstances surrounding his discharge from the NEOCAP program.
 {¶ 27} As noted above, the trial court specifically set forth its findings pursuant to R.C. 2929.14(E)(4). In fact, the trial court concluded that all three possible factors enumerated in the statute applied to the instant case. Specifically, Smith was awaiting sentencing or trial in that he committed a parole violation, the harm caused by the offenses was so great that a single prison term would not adequately address the seriousness of Smith's conduct, and Smith's long history of criminal conduct warranted the consecutive sentences.
 {¶ 28} Smith also contends that the trial court did not consider his expressed remorse in committing the instant offenses. Smith expressed remorse to the trial court at the hearing and also attempted to argue that he was discharged from his job because of false allegations of sexual harassment by a coworker. A NEOCAP representative was also present at the hearing who informed the trial court that appellant was on "shaky ground" prior to the discharge for two previous infractions, including returning twenty-four hours late from a six-hour integration pass. Thus, although Smith expressed remorse for the violation, the record and testimony at the hearing demonstrate that the trial court imposed consecutive sentences in accordance with the statutory requirements.
 {¶ 29} Therefore, based on the foregoing, because Smith's assignment of error is moot, his appeal is hereby dismissed sua sponte.
Grendell, J., Rice, J., concur.
[1] State v. Beamon (Dec. 14, 2001), 11th Dist. No. 2000-L-160, 2001 Ohio App. LEXIS 5655, at *4.
[2] See State v. Turner, 11th Dist. No. 2001-A-0025, 2002-Ohio-6473, at ¶ 24.
[3] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.