OPINION
{¶ 1} Appellant, Brian Farmer, appeals the maximum sentence he received after pleading guilty to one count of breaking and entering. For the reasons herein, we affirm appellant's sentence.
 {¶ 2} On August 23, 2002, appellant was indicted on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. At his arraignment, appellant entered a plea of not guilty.
 {¶ 3} On November 15, 2002, appellant withdrew his original plea of not guilty and entered a plea of guilty to the breaking and entering charge. The record reflects that appellant's sentencing was to take place on December 27, 2002; however, appellant failed to appear and the court issued a writ of capias to compel his presence. Appellant was ultimately arrested on March 7, 2003 and the court rescheduled the sentencing hearing for March 20, 2003. Appellant was sentenced to the maximum term of twelve months incarceration.
 {¶ 4} Appellant now appeals assigning the following errors for our review: {¶ 5} "[1.] Judge Gary Leo Yost abused his discretion when he gave appellant a twelve month prison sentence.
 {¶ 6} "[2.] Appellant's constitutional rights were violated when he was given the maximum possible sentence for breaking and entering based upon findings of fact that were neither agreed to by counsel nor found by a jury."
 {¶ 7} Before addressing the merits of appellant's assigned errors, we must initially note that appellant has served the twelve month sentence on which the current appeal is based. We cannot grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue. As he alleges no collateral disability or loss of rights which might be remedied by a modification of his sentence, the instant appeal is therefore moot. State v. Mayle, 11th Dist. No. 2002-A-0110, 2004-Ohio-2203, at ¶ 3; see, also, State v.Frasure, 11th Dist. No. 2002-A-0014, 2003-Ohio-2538, at ¶ 11.
 {¶ 8} Turning to the merits of appellant's appeal, an appellate court reviews a felony sentence de novo. See, R.C. 2953.08; see, also, Statev. South, 11th Dist. No. 2002-P-0137, 2004-Ohio-3336, at ¶ 15. However, we will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or the sentence is contrary to law. Id. Clear and convincing evidence is that quantum of proof which would produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Thomas
(July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334, at 10.
 {¶ 9} When imposing a felony sentence a trial court must consider the overriding purposes of felony sentencing; namely, protecting the public from future crime and punishing the offender. See, R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, of both." Id.
 {¶ 10} Furthermore, when sentencing an offender for a fifth degree felony, the trial court must initially determine whether any of the factors enumerated in R.C. 2929.13(B)(1)(a) through (h) apply. If the trial court determines that one of the factors applies, it must then determine whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). In determining how to accomplish the purposes embraced in R.C. 2929.11, a trial court must consider the relevant "seriousness" and "recidivism" factors set forth in R.C. 2929.12(B) through (E). See, State v. Comer,99 Ohio St.3d 463, 466, 2003-Ohio-4165. The sentencing judge must give his or her reasons for imposing a prison term on the record. R.C.2929.19(B)(2)(d).
 {¶ 11} After considering all the requisite factors, if the court finds that a prison term is consistent with the purposes of felony sentencing set forth in R.C. 2929.11 and finds that the offender is not amenable to an available community control sanction, "the court shall impose a prison term upon the offender." R.C. 2929.13(B)(2)(a). Without such findings, and where imposition of a community control sanction would be consistent with the objectives of felony sentencing, the court must impose a community control sanction upon the offender. R.C. 2929.13(B)(2)(b), see, also, State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, 1998 Ohio App. LEXIS 5860, at 11. However, if the court still determines that a community control sanction is inconsistent with the dual purposes of felony sentencing, the sentencing court retains its broad discretion to fashion an appropriate sentence. Id.
 {¶ 12} In the instant matter, appellant argues that the trial court erred "by making a decision that was unsupported by sufficient evidence and reasoning." In particular, appellant contends that the court's findings "were not specific enough" as it "did not explain in any detail as to why [it] thought this was the most serious form of the offense." Appellant therefore concludes that the lower court's sentence is contrary to law. We disagree.
 {¶ 13} The court made the following "findings" at the sentencing hearing:
 {¶ 14} "* * * Well, the first concern that I have here is that you have a lengthy juvenile record of substantially similar types of crimes, just an ongoing tendency to commit thefts. Receiving stolen property, breaking and entering, and, of course, I'm not sure what this robbery charge is about. That is a concern. That is a violent offense.
 {¶ 15} "But this indicates, I believe, that you were actually nineteen-years old at the time of this offense, so it seems that there hasn't been any break at all in your continuous pattern of criminal behavior.
 {¶ 16} "Also, it is apparent from the follow-up of these juvenile crimes — and the Presentence Investigation points out — that your supervision, while on supervision for those cases either in the form of probation or some type of supervision after a certain time in jail, has been poor.
 {¶ 17} "You seem like you are not a person that would respond very well to probation or community control sanctions. I'm concerned because not only did you steal a weapon in this offense, but the description of what took place here in my mind takes this well beyond just a single breaking and entering and theft.
 {¶ 18} "I think it is among the worst forms of the offense. There was considerable damage done. Apparently you weren't charged with any type of criminal mischief or vandalism offense, but there's a report of all kinds of damage to locks, entry doors, windows, furniture, urinated on blankets and sleeping bags.
 {¶ 19} "I think this a clear indication of an antisocial personality that would not be amenable to community control sanctions, and I think that in order to adequately protect the public from future crimes by you, hopefully to deter you from future crimes and to impose a sentence that is not demeaning to the seriousness of your conduct in this case, that the only choice that I have is to impose a prison sentence."
 {¶ 20} In its judgment entry, the court stated that it "considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under RC 2929.11,[sic] the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12,[sic], and the need for deterrence, incapacitation, rehabilitation, and restitution."
 {¶ 21} The record reflects that none of the R.C. 2929.13(B)(1) factors were discussed; upon review, none appear applicable. The court nevertheless determined that appellant would not be amenable to community control sanctions and found a prison term would be consistent with the purposes of felony sentencing. With respect to the former, the court discussed the seriousness of appellant's conduct, indicating appellant's lengthy record and his unfavorable response to probation in the past. From this, the court determined that appellant would not be a proper candidate for community control sanctions.
 {¶ 22} The court further found, by virtue of appellant's prior juvenile adjudications and his unfavorable response to sanctions previously imposed, that community control sanctions would not adequately protect the public from future crimes by appellant. Moreover, the court enumerated various factors which made the crime more serious such as damage to property which included urinating on sleeping materials. According to the court, any sentence less than a prison term would demean the seriousness of appellant's conduct. Such statements suggest that incarceration is the only proper punishment in light of the purposes and principles of felony sentencing. Under the circumstances, the court properly exercised its discretion in imposing a prison term upon appellant for the fifth degree felony to which he pleaded.
 {¶ 23} Next, we review whether the court properly imposed the maximum sentence upon appellant. A court sentencing any offender to the maximum sentence, must comport with the dictates of R.C. 2929.14(C). R.C.2929.14(C) limits the imposition of a maximum sentence to those who fall in to one of four categories: (1) those who commit the worst form of the offense; (2) those who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. South, supra, at ¶ 16. Pursuant to Comer, supra, this court has held that a trial court must make its statutorily required findings at the sentencing hearing.[1] South, supra.
 {¶ 24} Here, the sentencing court explicitly found that appellant committed one of the worst forms of the offense. It bolstered its conclusion by enumerating the damage caused by appellant and the destructive behavior appellant exhibited once after he entered the victim's trailer, i.e., the place of the breaking and entering. These findings were made at the sentencing hearing and were supported by clear and convincing evidence found in the record. Notwithstanding its mootness, appellant's first assignment of error is without substantive merit.
 {¶ 25} In his second assignment of error,[2] appellant contends, pursuant to Blakely v. Washington (2004), 124 S.Ct. 2531, that the trial court erred when it imposed the statutory maximum sentence where he did not admit to the facts supporting the maximum sentence. In Blakely, the Supreme Court of the United States held that the statutory maximum sentence is the maximum penalty a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Id. at 2537.
 {¶ 26} Pursuant to a judgment entry issued on December 23, 2003, we acknowledged that this court may not have jurisdiction to entertain appellant's supplemented second assignment of error. That is, the issue presented appeared moot because appellant had already served his sentence. Consequently, appellant was ordered to show cause as to why the appeal should not be dismissed for lack of jurisdiction.
 {¶ 27} Appellant responded that, although his sentence had been served, it is conceivable, if not likely that any person convicted of a fourth or fifth degree felony will be out of prison before a decision was reached on the Blakely issue. Accordingly, appellant concluded, the issue is capable of repetition yet will always evade review.
 {¶ 28} In Weinstein v. Bradford (1975), 423 U.S. 147, the United States Supreme Court stated:
 {¶ 29} "the `capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Id. at 149; see also, State ex rel. Beacon Journal Pub. Co. v. Donaldson
(1992), 63 Ohio St.3d 173, 175.
 {¶ 30} Appellant's attempt to show cause must fail: While his argument may satisfy the first element of the Weinstein analysis, appellant has failed to demonstrate a "reasonable expectation" that he will be subjected to the same action in the future. Appellant's Blakely argument is therefore moot.[3]
 {¶ 31} As such, appellant's Blakely argument, like his first assignment of error, is moot.
 {¶ 32} For the above stated reasons, appellant's assignments of error are without merit and the sentence of the Ashtabula County Court of Common Pleas is therefore affirmed.
Ford, P.J., concurs, Grendell, J., concurs in judgment only.
[1] Comer only addressed the trial court's procedural obligations when sentencing an offender to a nonminimum sentence or consecutive sentences. However, this court, along with various others, has interpreted Comer to include situations where an offender is sentenced to a maximum sentence. See, State v. Perry 7th Dist. No. 02 CA 182, 2003 Ohio 7000; State v. Davis, 9th Dist. No. 21794, 2004 Ohio 3246.
[2] On August 25, 2004, appellant moved this court to supplement his brief with an assignment of error addressing issues pertaining to the United States Supreme Court's recent decision in Blakely v. Washington
(2004), 124 S.Ct. 2531. On September 7, 2004, we granted appellant's request and the supplemental assignment of error is now styled "appellant's second assignment of error."
[3] Even if appellant could show a valid reason why his Blakely issue is not moot, the appeal would fail as this court has previously determined Blakely does not apply to maximum sentencing issues, particularly, as here, where a defendant has a lengthy criminal history. See, State v. Parsons, 11th Dist. No. 2003-A-0030, 2004-Ohio-7237, at ¶ 32.