OPINION
{¶ 1} This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, Ruth Anderson ("Anderson"), appeals from the trial court's decision to impose a nine-month prison term for violating the terms of her community control.
 {¶ 2} The following procedural history is relevant to this appeal. On July 26, 2000, appellant was indicted on one count of burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2). On December 15, 2000, Anderson entered a written and oral plea of guilty to an amended charge of burglary, a felony in the fourth degree, in violation of R.C. 2911.12(A)(4). The matter was then referred to the Adult Probation Department for a pre-sentence report and investigation. On February 5, 2001, the trial court sentenced appellant to a term of two years of community control.
 {¶ 3} Approximately six months later, on September 24, 2001, the trial court issued a capias for Anderson's arrest for failure to comply with the requirements of her community control, as her whereabouts were unknown. Eventually, Anderson was arrested on the outstanding warrant for community control sanction violation and transported to the Ashtabula County Jail on October 20, 2003.
 {¶ 4} On October 24, 2003, the state filed a complaint to terminate appellant's probation because she violated the conditions of her community control requiring her to "* * * keep [her] supervising officer informed of [her] residence and place of employment * * * [and] obtain permission * * * before changing [her] residence or [her] employment." The complaint further alleged that Anderson failed to report as ordered to the Ashtabula County Office of Adult Parole Authority.
 {¶ 5} On November 18, 2003, Anderson waived her right to a probable cause hearing and entered a plea of guilty to violating the terms of her probation. Anderson further waived a final hearing on the matter. On November 18, 2003, the trial court sentenced Anderson to serve a nine-month prison term, with credit for days already served, and further ordered post-release control for up to a period of three years.
 {¶ 6} Anderson timely filed a notice of appeal and now asserts the following sole assignment of error:
 {¶ 7} "The prison sentence imposed upon the appellant was illegal."
 {¶ 8} Initially, we note that Anderson has served her nine-month prison term imposed for her community control violation. The warrant to convey Anderson to the Ohio Reformatory for Women in Marysville, Ohio, was executed on November 28, 2003. Taking into account the 44 days credit for time served, Anderson's nine-month prison term expired by August 2004.
 {¶ 9} Anderson presents two issues under her sole assignment of error. Anderson first contends that the trial court violated R.C.2929.19(B)(5) by failing to notify her at her original sentencing hearing that she would be sentenced to a specific prison term if she violated her community control sanction. Second, Anderson alleges that the trial court violated R.C. 2929.14(B), by imposing a nine-month prison term in excess of the six-month minimum term for a fourth degree felony.
 {¶ 10} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, the Supreme Court of Ohio addressed the same question that Anderson asserts in her first issue, under her sole assignment of error. The Brooks Court considered the certified question of whether a trial court sentencing an offender to a community control sanction must, at the time of the original sentencing, notify the offender of the specific prison term that may be imposed for a violation of the sanctions, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. at ¶ 4. The Court answered affirmatively and held that a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. at ¶ 29. The Court considered the certified question although the defendant Brooks had already served his term of imprisonment for violating his community control sanction, because the situation was capable of repetition yet evading review, and the case raised an issue of public importance and general interest. Id. at ¶ 5. However, the Court specifically noted that the certified question was moot as to the defendant, because he had already served his sentence. Id.
 {¶ 11} Further, Anderson's second argument that the trial court failed to properly make findings pursuant to R.C. 2929.14(B) in imposing a sentence greater than the minimum, also relates to the propriety of Anderson's sentencing for her admitted violation of community control.
 {¶ 12} This court has adopted a long-standing view that it is unable to grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue. State v. Farmer,
11th Dist. No. 2003-A-0050, 2005-Ohio-2066, at 7; State v. Smith, 11th Dist. No. 2000-L-195; 2002-Ohio-1330; at 5; State v. Beamon, 11th Dist. No. 2000-L-160, 2001-Ohio-8712, at 4; State v. Blivens, (Sept. 30, 1999), 11th Dist. No. 98-L-189, 1999 Ohio App. LEXIS 4647, at 4.
 {¶ 13} In the case sub judice, Anderson is not challenging her plea, or conviction, and has served her entire nine-month prison term on which this appeal is based.
 {¶ 14} Based upon the foregoing, Anderson's sole assignment of error is rendered moot, and the judgment of the trial court is affirmed.
Ford, P.J., Rice, J., concur.