OPINION
{¶ 1} Appellant, Michael J. Cottrell ("Cottrell"), appeals from the August 18, 2004 judgment of the Ashtabula Court of Common Pleas, which found him guilty of possession of drugs and imposed a nine month prison-term.
 {¶ 2} The relevant facts revealed at the suppression hearing are as follows. On May 26, 2003, Deputy Rick Schupska ("Schupska") and Deputy Michael Roach ("Roach"), of the Ashtabula County Sheriff's Department, responded to a call at a residence in Monroe Township to assist paramedics and rescue personnel from the Conneaut Fire Department. Cottrell's sixteen year old daughter, Tasha, placed the call for assistance and paramedics at the scene informed both Schupska and Roach that Cottrell was a diabetic and in an intoxicated state. Roach was informed by the paramedics that "they feared" that the combination of alcohol and his diabetes condition would put him at risk for a potential life threatening situation.
 {¶ 3} Schupska and Roach approached Cottrell, who was seated in the back seat of a vehicle in the driveway. Roach advised Cottrell that he was not there to arrest him, but rather to address Cottrell's "welfare." Roach encouraged Cottrell to exit the car and submit to a blood glucose test. Cottrell responded by shouting profanity and threatened to kill Roach. Cottrell proceeded to fight and kick at both Roach and Schupska, who ultimately used pepper spray in order to extricate him from the vehicle.
 {¶ 4} Cottrell was then placed under arrest for "aggravated disorderly conduct." A blood glucose level test was administered to Cottrell at the scene, and he was transported to the Ashtabula County Jail. Testimony established that due to his intoxicated state, Cottrell was placed in an isolation cell. Pursuant to jail policy, Cottrell was subjected to a strip search, and ordered to change into a jail uniform. Officer Dan Hazen ("Hazen") testified that when "Cottrell pulled his pants and underwear down, a "small baggie containing a white powdery substance fell on the ground." Hazen asked Cottrell, "what is this?" Cottrell responded that it was `his speed" and that it keeps him going." The Bureau of Criminal Identification later identified the substance as 1.83 grams of methamphetamine.
 {¶ 5} On September 5, 2003, Cottrell was indicted on one count of possession of drugs pursuant to R.C. 2925.11(A), a felony of the fifth degree. Cottrell pled not guilty to the possession of drugs charge and later filed a motion to suppress claiming that, pursuant to R.C. 2935.26, it was unlawful to arrest him for a minor misdemeanor and, therefore, unlawful to search him incident to that arrest. On May 12, 2004, a hearing was held on the motion, and witnesses testified. After hearing the evidence, the trial court denied Cottrell's motion to suppress finding that "the deputies had probable cause to arrest [Cottrell] for Disorderly Conduct." Thus, the evidence and statements by Cottrell were admissible evidence pursuant to a lawful arrest.
 {¶ 6} The drug possession case proceeded to jury trial on May 25, 2004. The jury returned a verdict finding Cottrell guilty of drug possession. On August 18, 2004, Cottrell was sentenced to a nine month prison-term and suspension of his driver's license for a period of one year. It is from that judgment that Cottrell has filed a timely appeal, asserting two assignments of error:
 {¶ 7} "[1.] The trial court erred in denying suppression of the results of a warrant less search of the Defendant.
 {¶ 8} "[2.] The trial court erred in imposing a prison term without making all required findings."
 {¶ 9} In his first assignment of error, Cottrell alleges that the trial court erred by overruling his motion to suppress the plastic baggie containing methamphetamine and his statements to the officer that the baggie contained "speed" that was owned by him.
 {¶ 10} At a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses.State v. Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994),95 Ohio App.3d 93, 96.
 {¶ 11} Under his first assignment of error, Cottrell challenges the lawfulness of his arrest for disorderly conduct. Cottrell relies upon R.C. 2935.26(A) which generally requires the issuance of a citation, rather than a custodial arrest, in the case of the offense of a minor
misdemeanor.
 {¶ 12} The statute for disorderly conduct is R.C. 2917.11, which states in part:
 {¶ 13} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 14} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior.
 {¶ 15} "* * *
 {¶ 16} "(B) No person, while voluntarily intoxicated, shall do either of the following:
 {¶ 17} "* * *
 {¶ 18} "(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
 {¶ 19} "* * *
 {¶ 20} "(D) If a person appears to an ordinary observer to be intoxicated, it is probable cause to believe that person is voluntarily intoxicated for purposes of division (B) of this section."
 {¶ 21} Cottrell was arrested under the subsection that enhances the crime to a fourth-degree misdemeanor if "(a) the offender persists in disorderly conduct after reasonable warning or request to desist" or if "(c) the offense is committed in the presence of any law enforcement officer, firefighter, rescuer, medical person, emergency medical services person, or other authorized person who is engaged in the person's duties at the scene of a fire, accident, disaster, riot, or emergency of any kind." R.C. 2917.11(E)(3).
 {¶ 22} Upon review of the record, we conclude that the trial court's decision that the arrest of Cottrell was lawful, is supported by competent, credible evidence.
 {¶ 23} In this case, Cottrell was arrested for disorderly conduct, a fourth degree misdemeanor, but he was never prosecuted for that offense. Thus, the question is not whether the evidence supported a finding beyond a reasonable doubt that Cottrell committed disorderly conduct. The question is whether the officer had probable cause or a reasonable basis to believe that Cottrell had committed disorderly conduct. State v.Glenn, 1st Dist. No. C-030356, 2004-Ohio-1489, at ¶ 26.
 {¶ 24} Under this assignment of error, Cottrell does not assert that he did not commit disorderly conduct. Instead, he contends that the prosecution failed to establish its burden to prove disorderly conduct to warrant an immediate arrest. Specifically, he argues that neither Roach or Schupska warned or requested him "to desist" from disorderly conduct. He relies on Roach's testimony which established that Cottrell was warned only that he would be arrested if he did not consent to medical treatment, i.e., the glucose blood test. Therefore, Cottrell contends that his arrest for disorderly conduct was unlawful. We disagree.
 {¶ 25} We find that testimony established that Cottrell's disorderly conduct was committed in the presence of officers, and paramedics summoned to Cottrell's home on a call of medical emergency. Testimony established that Cottrell was a "brittle diabetic", and that he appeared to be intoxicated. Paramedics were summoned to the scene by Tasha and other family members who were concerned about Cottrell's medical well-being. Roach and Schupska were called to the scene to assist the paramedics.
 {¶ 26} At the hearing, Roach testified that Cottrell "used profanity" towards [Roach] and "threatened to kill [him]." Roach testified that he talked with Cottrell "for several minutes, trying to convince him to allow the medics to treat him, without success * * *." Roach verified with the paramedics that the medical condition of Cottrell "could be life threatening" based upon his apparent alcohol consumption and given his diabetic condition. Roach testified that "I went back to the car and * * * asked one last time for [Cottrell] to be checked by medics, and if not then he would be placed under arrest because of the fact that I could not allow [Cottrell] to be placing himself in a position where he could die." Roach testified that Cottrell responded by continuing the use of profanity and again threatened Roach. It was then that Roach and Schupska removed Cottrell from the vehicle and arrested him for "aggravated disorderly conduct." Paramedics at the scene performed an immediate blood glucose test on Cottrell.
 {¶ 27} Based upon the foregoing, we conclude that Roach had a reasonable basis to believe that he needed to arrest Cottrell to obtain control of the emergency medical situation and that he had a reasonable basis to believe that Cottrell had committed disorderly conduct. The trial court as the trier of fact, weighed the testimony and believed the testimony of Roach and Schupska was sufficient to demonstrate that Cottrell was lawfully arrested for disorderly conduct, enhanced to a misdemeanor of the fourth degree, pursuant to R.C. 2917.11(E)(3)(c). Since the arrest was lawful, the trial court did not err in denying Cottrell's motion to suppress. Cottrell's first assignment of error is without merit.
 {¶ 28} In his second assignment of error, Cottrell contends that the trial court erred in imposing a prison-term of nine months without making all necessary findings.
 {¶ 29} We must initially note that appellant has served the nine month prison-term on which the current appeal is based. This court denied Cottrell's motion for bail and stay of sentence pending appeal. Cottrell began serving his prison-term on August 19, 2004, with eight days credit for time served. Thus, Cottrell completed his prison-sentence at the time this appeal was heard in October 2005.
 {¶ 30} We cannot grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue.State v. Anderson, 11th Dist. No. 2003-A-0131, 2005-Ohio-4655, at ¶ 12;State v. Farmer, 11th Dist. No. 2003-A-0050, 2005-Ohio-2066, at 7; Statev. Smith, 11th Dist. No. 2003-L-046, 2004-Ohio-5312, at ¶ 11. As Cottrell alleges no collateral disability or loss of rights which might be remedied by a modification of his sentence, and has already served his time, his second assignment of error is rendered moot.
 {¶ 31} The judgment of the trial court is affirmed.
O'Neill, J., Rice, J., concur.