OPINION
{¶ 1} Appellant, Michael D. Richardson, appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court sentenced Richardson to an aggregate prison term of 11 months for his convictions for attempted assault. *Page 2 
 {¶ 2} Richardson was indicted for two counts of assault on a peace officer, in violation of R.C. 2903.13(B), which were fourth-degree felonies. Richardson initially pleaded not guilty to these charges. Later, pursuant to a plea agreement, Richardson pleaded guilty to two counts of attempted assault, in violation of R.C. 2923.02 and2903.13(B), fifth-degree felonies.
 {¶ 3} On May 26, 2006, a sentencing hearing was held. The trial court sentenced Richardson to a prison term of 11 months for each of his convictions for attempted assault. The trial court ordered these terms be served concurrently, for an aggregate prison term of 11 months. In addition, the trial court noted that Richardson should be given credit for ten days of jail time already served. The trial court journalized its findings in a sentencing entry dated June 2, 2006.
 {¶ 4} Richardson has timely appealed the trial court's June 2, 2006 judgment entry to this court. On December 4, 2006, this court sua sponte dismissed this appeal for failure to prosecute. However, on December 22, 2006, upon Richardson's motion, this court reinstated the appeal and vacated the judgment entry of dismissal.
 {¶ 5} Richardson raises the following assignment of error:
 {¶ 6} "The trial court abused its discretion in sentencing defendant based on an ex parte communication that was not part of the record and had not been made available to defense counsel prior to the sentencing hearing."
 {¶ 7} Richardson contends the trial court erred by relying on a "letter or email" from himself to acquaintances. He claims this correspondence is not part of the record. *Page 3 
The state notes that this correspondence is included in the presentence investigation report.
 {¶ 8} On appeal, Richardson is only challenging the trial court's imposition of sentence. He is not challenging the validity of his guilty plea or his underlying convictions. We note that Richardson has been released from prison.
 {¶ 9} This court has repeatedly held that an appeal of a sentence is moot if the appellant has been released from prison. State v.Easter, 11th Dist. No. 2005-A-0039, 2006-Ohio-3887, at ¶ 4, citingState v. Smith, 11th Dist. No. 2000-L-195, 2002-Ohio-1330, at ¶ 8. See, also, State v. Cottrell, 11th Dist. No. 2004-A-0059, 2005-Ohio-6082, at ¶ 30, citing State v. Anderson, 11th Dist. No. 2003-A-0131,2005-Ohio-4655, at ¶ 12; State v. Farmer, 11th Dist. No. 2003-A-0050,2005-Ohio-2066, at ¶ 7; and State v. Smith, 11th Dist. No. 2003-L-046,2004-Ohio-5312, at ¶ 11. In State v. Beamon, this court explained the rationale behind this rule:
 {¶ 10} "An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because'(a) person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.' State v. Golston (1994), 71 Ohio St.3d 224, paragraph one of the syllabus. However, this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, *Page 4 
appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue. State v. Blivens (Sept. 30, 1999), 11th Dist. No. 98-L-189, 1999 WL 960955, at 2." State v. Beamon (Dec. 14, 2001), 11th Dist. No. 2000-L-160, 2001 Ohio App. LEXIS 5655, at *3-4.
 {¶ 11} Since Richardson is only challenging his sentence, is not challenging his underlying conviction, and has already served his prison term, his assignment of error is moot. Id.
 {¶ 12} This appeal is dismissed.
 COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur *Page 1