JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The State of Ohio ("State") appeals from the decision of the trial court granting Armond McKiry's ("McKiry") motion to suppress. The State argues the trial court erred when it concluded a police officer may only search the suspect's vehicle incident to an arrest for a felony offense. We agree with the State and reverse the decision of the trial court.
 {¶ 2} On March 10, 2006, Valley View Police Officer Anthony Nero ("Officer Nero") was running his radar detector while parked across from the Shell Gas Station on Granger Road. While doing so, McKiry pulled out of the gas station and Officer Nero observed an equipment violation. Specifically, McKiry's rear license plate bulb was not functioning, in violation of Valley View ordinance.
 {¶ 3} Based on the equipment violation, Officer Nero attempted to initiate a traffic stop. Officer Nero activated his overhead lights and began to follow the vehicle. However, McKiry failed to pull to the side of the road; instead, McKiry extended his arm out of the window and gestured as if to be waiving Officer Nero past. At that time, Officer Nero activated his siren but McKiry still refused to stop or pull to the side of the road. No other cars were on the road.
 {¶ 4} Officer Nero called for assistance and Officer Michael Eder joined the pursuit. Because McKiry continued to ignore the officers' demands to pull over, Officer Eder pulled alongside McKiry, across from McKiry's driver side window. Officer Eder verbally ordered McKiry to pull over, but McKiry refused, simply waiving *Page 4 
at the officer to pull ahead. Officer Eder observed McKiry turn his body towards the interior of the vehicle and extend his arm, as if he was moving something around. According to Officer Eder, it appeared that McKiry was hiding something.
 {¶ 5} As the pursuit continued towards Transportation Boulevard, Officer Eder and Officer Nero ended the chase by boxing in McKiry's vehicle, and McKiry stopped the car. Officers Nero and Eder both exited their vehicles and told McKiry to place his hands on the wheel. Despite this order, McKiry continued moving around inside the vehicle. When McKiry stopped moving, Officer Eder approached and placed McKiry under arrest for failure to comply with the order or signal of a peace officer.
 {¶ 6} The officers also instructed the two passengers to exit the vehicle. Next, Officer Eder searched the area of the vehicle that McKiry had been reaching and gesturing towards during the pursuit. During the search, Officer Eder located a fully loaded, Clock 30, .45 caliber handgun in the center console area.
 {¶ 7} On April 11, 2006, a Cuyahoga County Grand Jury returned a two-count indictment charging McKiry with carrying a concealed weapon and having a weapon while under disability. McKiry pleaded not guilty.
 {¶ 8} Prior to trial, McKiry's counsel moved to suppress the handgun seized during the search of his client's vehicle. On July 10, 2006, the trial court conducted an oral hearing on the motion. After hearing from both sides, the trial court granted McKiry's motion and suppressed the handgun recovered by the officers during the search. In granting the motion, the trial court held the search of the vehicle was not *Page 5 
a valid search incident to an arrest because McKiry did not commit a felony. In addition, the trial court found that the officers did not possess the reasonable suspicion needed to search the vehicle. The State appealed pursuant to R.C. 2945.67, certifying that the appeal was not taken for the purpose of delay and that the trial court's ruling rendered the State's proof so weak that any reasonable possibility of effective prosecution was destroyed. See Crim.R.12(K). Appellee McKiry has not filed a brief in this appeal, and this court may accept the State's presentation of the facts and issues, and reverse the judgment, if it appears reasonable to do so. App.R. 18(C).
 {¶ 9} In its sole assignment of error, the State argues as follows:
 "The trial court erred in granting appellee's motion to suppress evidence because the search was valid pursuant to the search incident to arrest exception to the Fourth Amendment."
 {¶ 10} At a hearing on a motion to suppress, the trial court assumes the role of the trier of fact and therefore is in the best position to resolve questions of fact and evaluate the credibility of witnesses.State v. Mills (1992), 62 Ohio St.3d 357; State v. Cottrell, Ashtabula App. No. 2004-A-0059, 2005-Ohio-6082. When reviewing a motion to suppress, this appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592. Accepting these findings of fact as true, a reviewing court must independently determine as a matter of law, without deference to the trial *Page 6 
court's conclusion, whether they meet the appropriate legal standard.State v. Curry (1994), 95 Ohio App.3d 93; Guysinger, supra.
 {¶ 11} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit the police from unreasonable and warrantless searches and seizures. Evidence that is obtained in violation of these constitutional provisions will generally be prohibited from trial under the exclusionary rule. State v.Dubose, Mahoning App. No. 219, 2005-Ohio-6602. "Although theFourth Amendment does not explicitly provide that violations of its provisions will result in suppression of evidence obtained as a result of the violation, the United States Supreme Court has held that the exclusion of that evidence is an essential part of the Fourth Amendment." Id.
 {¶ 12} The initial burden to establish a warrantless search rests with the defendant. Id. However, once a warrantless search is established, the burden of persuasion is on the State to show the validity of the search. Xenia v. Wallace (1988), 37 Ohio St.3d 216. The state must either show that there actually was a warrant, or that there was some other justification for the search or seizure. State v. Rodriquez
(1990), 66 Ohio App.3d 5.
 {¶ 13} In the present case, there is no question that a warrantless search took place. The State contends, however, that even though a warrantless search and seizure took place, that search was incident to a lawful arrest and therefore, a warrant was not required. Officers Nero and Eder testified that they placed McKiry *Page 7 
under arrest after he failed to comply with the order or signal of a peace officer, a misdemeanor traffic violation. Accordingly, the State argues, the ensuing search of the vehicle and the recovery of the handgun were valid and the handgun should not have been suppressed.
 {¶ 14} Police officers may conduct warrantless searches to some extent as an incident to a proper arrest. Weeks v. United States (1914)232 U.S. 383, 34 S.Ct. 341. The Fourth Amendment is not violated by a valid search incident to an arrest in order for the police to seize weapons or preserve evidence. Chimel v. California (1969), 395 U.S. 752,89 S.Ct. 2034. The police may also validly search the passenger area of an automobile, including any containers therein, incidentally to an arrest for a misdemeanor traffic violation. New York v. Belton (1981),453 U.S. 454, 101 S.Ct. 2860; State v. Murrell, 94 Ohio St.3d 489,2002-Ohio-1483. The actual arrest need not precede the search, as long as the fruits of the search are not used to support probable cause for the arrest. Rawlings v. Kentucky (1980), 488 U.S. 98, 100 S.Ct. 2556.
 {¶ 15} Although the trial court's findings of fact are supported by the evidence in the record, we cannot agree with the court's application of the law to those facts. As stated above, a police officer may validly search the passenger area of an automobile, incidentally to an arrest for a misdemeanor traffic violation. Belton, supra; Murrell, supra. That is exactly what happened in the present case. Officers Nero and Eder arrested McKiry for failing to comply with the order or signal of a *Page 8 
police officer, a misdemeanor traffic offense. Accordingly, the officers' subsequent search of the passenger compartment, and seizure of the handgun, were proper.
 {¶ 16} The trial court erred in suppressing the handgun. The weapon is admissible as the product of a constitutionally valid search.
 {¶ 17} The State's single assignment of error is sustained.
 {¶ 18} The judgment of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1