[Cite as *State v. Ramsier*, 2011-Ohio-2295.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-COA-031 |
| TROY L. RAMSIER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland Municipal
                             Court, Case No. 10-CRB-624ABC

JUDGMENT:                    Afifrmed

DATE OF JUDGMENT ENTRY:      May 10, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

W. DAVID MONTAGUE                         DAVID R. STIMPERT
ASSISTANT LAW DIRECTOR                    10 East Main Street
1213 East Main Street                     Ashland, OH 44805
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Defendant-appellant Troy L. Ramsier appeals from his conviction and sentence in the Ashland Municipal Court for possession of drug paraphernalia, a misdemeanor of the fourth degree pursuant to Ashland City Ordinance Section 513.12(C)(1). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 4, 2010 at approximately 5:16 a.m., Officer Brian Kunzen of the Ashland Police Department was dispatched to a local Taco Bell, approximately one (1) hour after closing, upon a report of a "male in the parking lot sitting on the curb next to his vehicle." Further investigation of this issue revealed that the employees at Taco Bell had closed, cleaned the restaurant and were getting ready to leave when they saw appellant in the parking lot. This caused them to call the police department.

{¶3} Upon arrival, Officer Kunzen made several observations of appellant and the scene. First, appellant was observed to be sitting on the curb next to his vehicle, the engine was running and a passenger was found to be sleeping in the passenger seat of the vehicle. As Officer Kunzen spoke with appellant, he observed that appellant's eyes were red and watery, that his speech was slow, that he was unsteady on his feet and that there was vomit on the ground next to him. Furthermore, there was a strong odor of an alcoholic beverage coming from appellant.

{¶4} Appellant stated that he was diabetic and feeling sick. He also stated that he was too intoxicated to drive. Contact with the passenger of the vehicle revealed that she was more passed out in the vehicle than asleep. When she was awakened she was very stuporous and could not walk without assistance. The Officer testified that based on

his training and experience, appellant was intoxicated by reason of his alcohol consumption. Furthermore, he testified that based on his training and experience the appellant's condition was the result of alcohol consumption and not the result of his diabetic condition. However, appellant's diabetic condition created a further concern because appellant chose to mix his alcohol consumption with the condition.

{¶5} Further conversation with appellant revealed that appellant drove his car to Taco Bell and he and his female friend were picked up by another friend named Marcus. Marcus apparently picked them up at Taco Bell and drove them to the local bars. Appellant told the Officer that Marcus dropped the pair off at their Jeep in the Taco Bell parking lot. Officer Kunzen asked if there was anyone in the area that could come and get the couple. Appellant told the Officer that there was none. Appellant said he did not know too many people in the Ashland area and he could not find his phone to try to call someone. Appellant stated that he lived in West Salem which was a 20 to 30 minute drive from the appellant's location at Taco Bell. The Officer also indicated that officers from the Ashland Police Department made approximately a 12 minute effort to find someone who could take control of appellant. These efforts were unsuccessful. At the conclusion of that effort, appellant was arrested for disorderly conduct.

{¶6} Appellant was searched subsequent to his arrest for disorderly conduct. During the search Officer Kunzen found a small plastic straw with white powdery residue in it. Appellant stated that he had snorted vicodin, a scheduled drug, while at the bar earlier in the evening. Appellant stated that he snorted the pill in combination with alcohol consumption purposely to increase the effects. A marijuana joint found in the appellant's cigarette box.

{¶7} On July 4, 2010, three (3) Complaints were filed against appellant in the Ashland Municipal Court, charging appellant with possession of drug paraphernalia, pursuant to Ashland City Ordinance Section 513.12(C)(1); possession of marijuana, pursuant to Ashland City Ordinance Section 513.03(C)(3); and disorderly conduct, pursuant to Ohio Revised Code Section 2912.11(B)(2).

{¶8} On August 18, 2010, appellant filed a Motion to Suppress "any evidence obtained during the unlawful arrest and subsequent search of [Appellant] on or about July 4, 2010." In appellant's motion, appellant argued that the probable cause necessary to arrest appellant for disorderly conduct was not present because the evidence was insufficient to prove that appellant created a significant risk of harm to himself or others, as required by Ohio Revised Code 2917.11(B)(2).

{¶9} The trial court conducted a hearing on appellant's motion to suppress on September 7, 2010. Officer Kunzen was the sole witness. After hearing the testimony the trial court overruled appellant's motion by Judgment Entry filed October 11, 2010. On September 20, 2010, pursuant to an agreement with the state, appellant entered a plea of no contest to the possession of drug paraphernalia charge, Appellant was sentenced to serve 30 days in the Ashland County Jail, 15 of those days were suspended. Further, appellant was placed on probation for one year. He was also fined $250 plus costs, and his driver's license was suspended for 6 months.

{¶10} Appellant has timely appealed raising as his sole assignment of error,

{¶11} "I. THE ASHLAND MUNICIPAL COURT ERRED BY NOT SUPPRESSING THE EVIDENCE GATHERED AS A RESULT OF THE ARREST OF APPELLANT, WHICH ARREST WAS WITHOUT PROBABLE CAUSE, AND,

THEREFORE, IN VIOLATION OF APPELLANT'S FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES."

I.

{¶12} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 797 N.E.2d 71, 74, 2003-Ohio-5372 at ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap* (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539; See, generally, *United States v. Arvizu* (2002), 534 U.S. 266, 122 S.Ct. 744; *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657. That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

{¶13} Appellant's sole assignment of error relates to the propriety of the trial court's overruling of his motion to suppress. Specifically, appellant contends that the

state failed to produce sufficient evidence that he engaged in conduct or created a condition that presented a risk of physical harm to himself or another while voluntarily intoxicated.

**{¶14}** Disorderly Conduct in violation of R.C. 2917.11(B)(2) states in pertinent part as follows:

**{¶15}** "(B) No person, while voluntarily intoxicated, shall do either of the following:

**{¶16}** " * * *

**{¶17}** "(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another."

**{¶18}** The law focuses, not on the drunken state of the accused, but rather upon his conduct while drunk. *State v. Pennington* (Nov. 16, 1998), 5th Dist. No.1998CA00137; *State v. Hoopingarner*, Tuscarawas App. No. 2010AP 07 00022, 2010-Ohio-6490 at ¶61. The law requires some affirmative behavior on the part of the defendant and does not prohibit merely being intoxicated. *State v. Jenkins* (Mar. 31, 1998), 6th Dist. No. L-97-1303, 1998 WL 161190; *State v. Parks* (1990), 56 Ohio App. 3d 8, 10-11, 564 N. E. 2d 747. "Risk" is statutorily defined as "a significant possibility as contrasted with a remote possibility, that a certain result may occur or that certain circumstances exist." R.C. 2901.01(A)(7). Additionally, "the duty to arrest a person for disorderly conduct while intoxicated is necessarily discretionary." *Knapp v. Gurish* (1989), 44 Ohio App.3d 57, 541 N.E.2d 121. A police officer "must assess the condition of the intoxicated person and determine whether his condition poses a risk of harm to

himself or others. This assessment requires an exercise of professional judgment that is essential to the proper implementation of [R.C. 2917.11(B)(2)]." Id.

{¶19} In addition to appellant's admitted intoxication in the case at bar, Officer Kunzen based his decision that appellant presented a risk of physical harm to himself or another upon the following facts. Appellant's passenger was unable to assist appellant or herself and was seated in the passenger seat of appellant's vehicle; appellant was diabetic; appellant had become physically ill; the Officer was unable to locate anyone on appellant's behalf who could come to the scene to assist appellant and his passenger; the car was running which created a significant risk that appellant while still intoxicated would attempt to drive the car, perhaps not even mindful that he was still too intoxicated to drive thus placing himself and his passenger in peril.

{¶20} We commend appellant and his friend for utilizing a designated driver for the evening, acknowledging that they should not drive and for waiting in the parking lot. However, we again emphasize that appellant was not arrested and convicted for simply waiting outside the restaurant or being intoxicated-it was because he failed to do so in a safe manner. In this case, appellant was arrested for disorderly conduct, a fourth degree misdemeanor, but he was never prosecuted for that offense. Thus, the question is not whether the evidence supported a finding beyond a reasonable doubt that appellant committed disorderly conduct. The question is whether the officer had probable cause or a reasonable basis to believe that appellant had committed disorderly conduct. *State v. Glenn,* 1st Dist. No. C-030356, 2004-Ohio-1489, at ¶ 26; *State v. Cottrell,* Ashtabula App. No. 2004-A-0059, 2005-Ohio-6082 at ¶ 23.

{¶21} Based upon the foregoing, we conclude that Officer Kunzen had a reasonable basis to believe that he needed to arrest appellant to obtain control of the situation and that he had a reasonable basis to believe that appellant had committed disorderly conduct. The trial court as the trier of fact weighed the testimony and believed the testimony of Officer Kunzen was sufficient to demonstrate that appellant was lawfully arrested for disorderly conduct. Since the arrest was lawful, the trial court did not err in denying appellant's motion to suppress.

{¶22} Appellant's sole assignment of error is overruled.

{¶23} For the forgoing reasons, the judgment of the Ashland County Municipal Court, Ashland County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

WSG:clw 0427

[Cite as *State v. Ramsier*, 2011-Ohio-2295.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TROY L. RAMSIER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-COA-031 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court, Ashland County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY