OPINION
{¶ 1} Appellant, Bryan Parsons, appeals from the February 7, 2003 judgment entry of the Ashtabula County Court of Common Pleas, in which he was sentenced for domestic violence.
 {¶ 2} An indictment was returned against appellant on November 21, 2002, charging him with domestic violence, a fifth degree felony, in violation of R.C. 2919.25(A). At his arraignment on November 25, he entered a plea of not guilty to the charge. On January 6, 2003, he withdrew his not guilty plea and entered a plea of guilty, which the trial court accepted. A sentencing hearing took place on February 7, 2003. On that same date, the trial court sentenced appellant to a term of twelve months in prison. He timely filed this appeal and raises the following assignments of error for our review:
 {¶ 3} "[1.] Appellant was given the maximum possible sentence for what he pled guilty to without a specific finding that he met one of the criteria that are set forth under [R.C.] 2929.14(C).
 {¶ 4} "[2.] Appellant's constitutional rights were violated when he was given the maximum possible sentence for domestic violence based upon findings of fact that were neither agreed to by counsel nor found by a jury."
 {¶ 5} Under appellant's first assignment of error, he contends that the trial court did not make specific enough findings that he met one of the criteria under R.C. 2929.14(C) before imposing the maximum sentence.
 {¶ 6} Before addressing the merits of appellant's assigned error, we must initially note that he has served the twelve month sentence on which the current appeal is based. We cannot grant relief to a defendant who has served his or her sentence if the underlying conviction or plea itself is not an issue. Since appellant does not allege any collateral disability or loss of rights which might be remedied by a modification of his sentence, the instant appeal is therefore moot. State v. Mayle, 11th Dist. No. 2002-A-0110, 2004 Ohio 2203, at ¶ 3; see, also, State v.Frasure, 11th Dist. No. 2002-A-0014, 2003 Ohio 2538, at ¶ 11. Nevertheless, in the interests of justice, we will address the merits of appellant's claims.
 {¶ 7} Turning to the merits of appellant's appeal, in order to sentence a defendant to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C. 2929.14(C). State v.Edmonson (1999), 86 Ohio St.3d 324, 328. Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. Those criteria are as follows: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender; and (4) the offender is a repeat violent offender. R.C. 2929.14(C).
 {¶ 8} Additionally, when the sentencing court wishes to impose the maximum sentence on a defendant, it must give its reasons pursuant to R.C. 2929.19(B)(2)(d). State v. Jones, 11th Dist. No. 2001-L-176, 2003-Ohio-476, at ¶ 15. This court has held that "[a] sentence which merely recites the language of R.C. 2929.14(C) without any consideration of the statutorily relevant factors is insufficient. * * * For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors [of R.C. 2929.19(B)(2)(d)] in reaching its determination." Statev. Perry (Mar. 29, 2002), 11th Dist. No. 2000-L-166, 2002 WL 479856, at 2, citing State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 2.
 {¶ 9} The Supreme Court of Ohio has stated that a trial court must make a similar pronouncement at the sentencing hearing as to the imposition of a non-minimum sentence on a first time offender. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26. Therefore, it is logical to conclude that the same rationale applies to the imposition of a non-minimum sentence involving a defendant who has previously served a prison term, as in this case. R.C. 2929.14(B)(1). Hence, the trial court must also make the required findings at such defendant's sentencing hearing.
 {¶ 10} To determine whether an offender committed the worst form of an offense, the trial court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718, 722. R.C. 2929.12 provides a non-exclusive list of factors to consider in determining if the defendant committed the worst form of the offense, and also whether the defendant is likely to be a repeat offender.
 {¶ 11} R.C. 2929.12(B)(2) provides that one of the factors to be considered in determining whether an offender's conduct is more serious than conduct normally constituting the offense is whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."
 {¶ 12} R.C. 2929.12(D) states that: "[t]he sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 13} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense * * *.
 {¶ 14} "(2) The offender * * * has a history of criminal convictions.
 {¶ 15} "(3) The offender has not * * * responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 16} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense * * *.
 {¶ 17} "(5) The offender shows no genuine remorse for the offense."
 {¶ 18} Here, the trial court stated at the sentencing hearing that:
 {¶ 19} "* * * [T]he hardest part about my job in sentencing on a case like yours * * * is I never know for sure if you really are serious about trying to deal with your problem because you have a serious problem.
 {¶ 20} "Your attorney has minimized the physical harm to the victim in this case. It's hard for me to tell for sure and I think she apparently chose not to respond to the Victim Impact Report but there seems to be no question that there was physical harm caused to the victim and, of course, it also appears that you have served two previous prison terms, actually for domestic violence and, * * * you were on post release control at the time that this offense occurred.
 {¶ 21} "Not only that, you do have an extensive criminal history, including actual convictions for charges like driving under the influence and criminal damaging; resisting arrest it looks like, back in January, 2001.
 {¶ 22} "So, I think for all of those reasons, it is my conclusion today that you are not amenable to community control sanctions notwithstanding the fact that the State recommended it.
 {¶ 23} "I think that a prison sentence would be necessary in order to protect the public from future crime by you and I think that a prison sentence is necessary in order not to demean the seriousness of what's really happened here and to have something that is commensurate with your conduct in this case.
 {¶ 24} "With your history of assaulting women, this is an extremely serious problem that I'm dealing with here. It was also interesting for me to see in this Presentence Report that you were on post release control from your * * * first felony domestic violence when you committed the second one and that you were still on post release control from your second felony offense when you committed this one, so it looks like everything that we have tried to do for you in the past just hasn't worked.
 {¶ 25} "I also find that this is among the worst form of this offense because of your prior record and the fact that all of our other attempts to rehabilitate have failed because of your relationship with this victim and the fact that you have fathered a child with this victim; because you were under the combined influence of alcohol and drugs at the time of this offense. * * *"
 {¶ 26} Appellant spoke and after he was done, the court indicated that appellant had continued to minimize the seriousness of his conduct. The judge then pronounced sentence. The judge also made reference that he considered the presentence report.
 {¶ 27} It is clear from the foregoing colloquy that the trial court explained its reasons at the hearing for imposing the maximum sentence. The court stated that this was the worst form of the offense and that appellant was a repeat offender. With respect to the finding that appellant posed the greatest likelihood of committing future crimes, the court found that appellant had not shown any genuine remorse for his acts, but rather, he continued to make excuses for his abusive acts. As we have previously held, the trial court is in a better position to determine whether an appellant's remorse is genuine. State v. Eckliffe,
11th Dist. No. 2001-L-105, 2002-Ohio-7136, at ¶ 32.
 {¶ 28} We conclude that the record supports the imposition of the maximum sentence, and that appellant was sentenced in accordance with law. It is our position that the trial court made the statutorily mandated findings in accordance with R.C. 2929.14(C) and explained its reasons for the sentence as required by R.C. 2929.19(B)(2)(d). The trial court also expressly imposed the maximum sentence based upon the great likelihood of appellant committing future crimes and that it was the worst form of the offense. Thus, the trial court complied with the statutory requirements in sentencing appellant to the maximum sentence. Appellant's first assignment of error lacks merit.
 {¶ 29} In appellant's second assignment of error, he claims his constitutional rights were violated because he was given the maximum sentence for domestic violence based on findings of fact that were not agreed to by counsel or found by a jury.
 {¶ 30} According to Apprendi v. New Jersey (2000), 530 U.S. 466, 490, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." However, when a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact finding. Id. at 488.
 {¶ 31} The United States Supreme Court followed this rule in Blakelyv. Washington (2004), 124 S.Ct. 2531. The Blakely court held that the "statutory maximum" for Apprendi purposes is not the longest term a defendant can receive under the circumstances. Id. at 2537. Instead, the "statutory maximum" is "the maximum sentence a judge may impose solely onthe basis of facts reflected in the jury verdict or admitted by thedefendant." (Emphasis sic.) Id.
 {¶ 32} In the instant matter, at the sentencing hearing, the trial court stated on the record that it found that the minimum sentence would demean the seriousness of the offense, appellant committed the worst form of the offense, and appellant had the greatest likelihood of recidivism. From appellant's criminal history, the trial court could have found, as it did, that appellant posed the greatest likelihood of recidivism. Judicial findings based upon past criminal convictions, which increase a penalty for a crime, do not violate Apprendi or Blakely. However, Ohio's sentencing scheme only authorized the trial court to sentence appellant to the maximum term because it also found that appellant committed the "worst form of the offense" and that the minimum sentence would "demean the seriousness" of the crime.
 {¶ 33} Here, the trial court followed Ohio's sentencing scheme and sentenced appellant to a maximum term of twelve months of imprisonment. The court found that the minimum sentence would demean the seriousness of the crime. Appellant's second assignment of error is meritless.
 {¶ 34} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Ashtabula County Court Pleas is affirmed.
Grendell, J., Rice, J., concur.