MEMORANDUM OPINION
{¶ 1} Appellant, Tammy Lane-Rout, appeals from the trial court's judgment sentencing her to serve eighteen months on her guilty plea to one count of theft, R.C. 2913.02; and twelve months on each of six counts of forgery, R.C. 2913.31. We dismiss this appeal as moot.
 {¶ 2} Appellant was indicted on one count of theft from a disabled adult under R.C. 2913.02, a fourth degree felony, and thirteen counts of forgery under R.C. 2913.31, fifth degree felonies. Appellant pleaded guilty to one count of theft and six counts of forgery. The trial court dismissed the remaining counts of the indictment.
 {¶ 3} Appellant's crimes stemmed from her employment caring for a mentally disabled thirty-one year old woman named Angela Milbrandt. Appellant used her employment to forge checks belonging to Milbrandt totaling approximately $1,200 and to withdraw more than $500 from an ATM account in Milbrandt's name.
 {¶ 4} Following a hearing, the trial court ordered appellant to serve eighteen months on the theft count and twelve months on each of the forgery counts; the maximum possible sentences for these offenses. The trial court ordered the sentences served concurrently. Appellant appeals the judgment entry of sentence raising two assignment of error:
 {¶ 5} "[1.] [The trial judge] abused his discretion when he gave appellant an eighteen month prison sentence."
 {¶ 6} "[2.] Appellant's constitutional rights were violated when she was given the maximum possible sentence for grand theft and forgery based upon findings of fact that were neither agreed to by counsel nor found by a jury."
 {¶ 7} Because it appeared appellant had been released from incarceration we entered an order on December 10, 2004 that required appellant to show cause why this matter should not be dismissed as moot. Appellant responded, arguing her appeal should not be dismissed because the question of the applicability of Washington v. Blakely (2004),124 S.Ct. 2531 to Ohio's sentencing law was an issue likely to arise frequently and evade our review.
 {¶ 8} Contrary to appellant's contention, the applicability ofBlakely to Ohio's sentencing law is not an issue likely to evade our review. In fact, this court has already decided cases involving the applicability of Blakely. See, e.g. State v. Curd, 11th Dist. No. 2003-L-030, 2004-Ohio-7222, State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239, State v. Parsons, 11th Dist. No. 2003-A-0030, 2004-Ohio-7237.
 {¶ 9} Appellant has served her sentence and has failed to show good cause why this appeal should not be dismissed. For the foregoing reasons, this appeal is dismissed as moot.
Ford, P.J., Grendell, J., concur.