The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 160 Ohio App.3d 631, 2005-Ohio-1929.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 1645.

Decided April 22, 2005.

R. Kelly Ormsby III, Darke County Prosecuting Attorney, for appellee.

Paul E. Wagner, for appellant.

DONOVAN, Judge.

{¶ 1} Defendant-appellant, Joseph A. Brown, appeals from a sentence of six years imposed by the Darke County Common Pleas Court. On January 27, 2003, defendant was indicted for assault on a peace officer, a felony of the fourth degree, in case No. 03–CR–12728. On September 29, 2003, an indictment for illegal manufacture of drugs, to wit, methamphetamines, a felony of the second

degree, was returned in case No. 03–CR–12895. On March 4, 2004, a third indictment was filed for aggravated trafficking in methamphetamines, a felony of the third degree, in case No. 04–CR–13015.

{¶ 2} The state agreed to forgo additional charges in exchange for guilty pleas to all three counts in the aforementioned indictments. The state recommended a six-year prison term in case No. 03–CR–12895 and recommended that the prison terms in case Nos. 12728 and 13015 run concurrently with the six-year term recommended in case No. 12895.

{¶ 3} Consequently, appellant entered guilty pleas on March 24, 2004, to all three counts set forth in the indictments. On the same date, the court sentenced appellant to a five-year mandatory term of imprisonment in case No. 12895 for illegal manufacture of drugs. For the assault of a peace officer, case No. 12728, the court imposed a 12–month sentence, to be served consecutively to the term imposed in case No. 12895. Finally, in case No. 13015, aggravated trafficking in drugs, the court imposed a one-year prison term, to be served concurrently with the sentence imposed in case No. 12728 and consecutively to the sentence imposed in case No. 12895.

{¶ 4} The final disposition was, in fact, six years in prison as recommended by the state. However, the court arrived at the recommended six years by consecutive terms rather than concurrent.

{¶ 5} Brown has filed his appeal raising this sole assignment of error:

{¶ 6} "Whether the trial court erred in imposing consecutive sentences contrary to O.R.C. § 2929.14(E)(4)."

{¶ 7} Brown argues that the trial court erred in imposing consecutive sentences in violation of R.C. 2929.14(E)(4). Brown relies upon *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, wherein the Supreme Court held that in imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make findings and state its reasons on the record.

{¶ 8} The state concedes in its brief that "it is *not* evident from the record, oral or journalized, that the trial court complied with these (*Comer*'s) requirements in pronouncing consecutive sentences."

{¶ 9} As noted by the state, the trial court might very well have been motivated by a desire to make Brown eligible for judicial release by imposing a five-year term for the second-degree felony, rather than a six-year term. This is evident by the court's comment: "The idea here, Mr. Brown, is after five and one-half years there ought to be something in it for you if you can get that far through and not have a bunch of prison violations." However well intentioned the court might have been, it may not obviate the following requirements:

{¶ 10} "When a trial court requires that multiple sentences be served consecutively, it must comply with the terms of R.C. 2929.14(E)(4), which provides that 'if multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 11} " '(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 12} " '(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 13} " '(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.'

{¶ 14} "A 'court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are.' " *State v. Mitchell,* 2d Dist. No. 20372, 2005-Ohio-912, 2005 WL 498250, at ¶ 37–41, quoting *State v. Rothgeb,* Champaign App. No. 02CA7, 2003-Ohio-465, 2003 WL 203591at ¶ 25.

{¶ 15} Our review of the record reveals that the trial court did not set forth sufficient findings and reasons to impose consecutive terms.

{¶ 16} Brown's sole assignment of error is sustained. We reverse and vacate Brown's sentence and remand for resentencing.

Judgment reversed.

WOLFF and FREDERICK N. YOUNG, JJ., concur.

(Hon. FREDERICK N. YOUNG, J., sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)