OPINION
{¶ 1} This case is before the court on a brief filed by Defendant-Appellant's counsel pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that his review of the record reveals no non-frivolous issues for appellate review.
 {¶ 2} Defendant's notice of appeal was filed on May 27, 2005. Subsequently, on February 27, 2006, the Supreme Court rendered its decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, holding that Ohio's sentencing statutes are unconstitutional to the extent that they authorize imposition of greater-than-minimum sentences of incarceration on findings made by the court instead of by a jury or on a defendant's admissions.Foster requires reversal of sentences thus imposed, and a remand for resentencing in all cases that were pending on appeal when Foster was decided in which a defendant challenges his sentence.
 {¶ 3} An Anders brief, of course, challenges nothing, because no error is alleged. However, we are then required to conduct our own independent review for error. Penson v. Oho
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 4} Our independent review reveals that Defendant-Appellant's three sentences were imposed on findings by the court that Foster prohibits; two of those being in support of non-minimum sentences, and two being in support of sentences consecutive to a third, community control sanctions having been rejected by the court with respect to any of the three based on other findings the court made. The error and resulting reversal for resentencing are particularly unfortunate because the trial court made its findings in compliance with our remand in a prior appeal. State v. Brown, Darke App. No. CA1645, 2005-Ohio-1929.
 {¶ 5} Like our prior decision, counsel's Anders brief was filed before Foster was decided. Prescience being a scarce commodity, neither counsel nor this court anticipated Foster.
It would add nothing to these proceedings to now appoint new counsel to argue the application of Foster, as it clearly does govern the issues involved. Therefore, Defendant-Appellant's sentence will be reversed and vacated and the case remanded for resentencing pursuant to Foster.
Brogan, J. And Wolff, J., concur.