MEMORANDUM OPINION
Appellant, Christopher D. Charlton, has filed the instant appeal for the purpose of contesting his conviction and sentence on one count of domestic violence. According to appellant, the trial court rendered its final decision concerning the conviction on March 3, 2006. However, upon reviewing the record in the underlying case, this court concludes that the merits of appellant's conviction are not properly before us at this time because the trial court has not issued a final judgment in the matter.
In initiating this appeal, appellant attached two documents to his notice of appeal. The first document is a copy of the criminal docket for the underlying case. Our review of that document indicates that, on March 3, 2006, the trial court made an entry in which it stated that: (1) appellant's motion to withdraw his prior guilty plea had been denied; and (2) appellant had been sentenced to a term of one hundred eighty days in the county jail. Our review further shows that, although the trial judge signed this entry on the docket, it was never time-stamped by the trial court clerk.
The second document attached to the notice of appeal is a copy of a separate judgment entry prepared by the trial court in regard to this case. Our review of this separate document indicates that it contains a specific finding of guilty by the trial court and a statement that appellant had been sentenced to one hundred eighty days for the offense of domestic violence. However, again, even though the judgment entry is signed by the trial judge, it does not contain a time stamp indicating that it had been properly journalized by the trial court clerk.
In terminating any criminal case, a trial court must issue a formal judgment entry which satisfies five basic requirements. One such requirement is that the entry must be time-stamped for the purpose of indicating that the entry has been filed with the clerk for journalization. See State v. Ginocchio (1987),38 Ohio App.3d 105. In this case, although it is apparent that the trial court intended to take the necessary steps to render a final judgment, the final step in the process has not been completed: i.e., the trial court's judgment entry has not been time-stamped. Until this last step has taken place, a proper final judgment has not been issued in the underlying case, and the running of the thirty-day period for the filing of the notice of appeal has not commenced.
As an aside, this court would note that the underlying case went forward before the Trumbull County Court. In attempting to initiate the instant matter before this court, appellant did not file his notice of appeal with the clerk for the Trumbull County Court, Eastern Division, instead, he filed his notice with the Clerk of Courts for the Trumbull County Court of Common Pleas. In doing so, appellant did not comply with App.R. 3(A), which mandates that the notice of appeal must be filed with the clerk of the trial court. Thus, if a proper final judgment had been rendered on March 3, 2006, this appeal would be subject to a prejudicial dismissal. However, since the final step for a final judgment has not been completed, appellant will be able to file a new appeal once the trial court's judgment entry has been time-stamped, and this court will then be able to go forward on the merits of the underlying case.
Because a proper final judgment has not been rendered in regard to appellant's conviction for domestic violence, this court does not have jurisdiction over this appeal. Accordingly, it is the sua sponte order of this court that the instant appeal is hereby dismissed.
Ford, P.J., O'Neill, J., concur.