MEMORANDUM OPINION
{¶ 1} Defendant-appellant, Andre Corpening, appeals from the judgment of the Ashtabula County Court of Common Pleas, finding him in violation of his community control, and sentencing him to eighteen months in prison for Possession of Crack Cocaine, with forfeiture specification, in violation of R.C. 2925.11(C)(4)(b).
 {¶ 2} On July 23, 2003, the Ashtabula County Grand Jury returned a four-count indictment against Corpening, based upon an event occurring on June 2, 2003. The grand jury charged Corpening with one count of Trafficking in Crack Cocaine, a felony of the second degree, in violation of R.C. 2925.03 (Count One); one count of Possessing Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24 (Count Two); one count of Trafficking in Marijuana, in violation of R.C. 2925.03, a felony of the fifth degree (Count Three); and one count of Possession of Crack Cocaine, a felony of the second degree, in violation of R.C. 2925.11 (Count Four).
 {¶ 3} On August 13, 2004, Corpening withdrew his earlier pleas of "not guilty" and pled guilty to one count of Possession of Crack Cocaine, a felony of the fourth degree, which was a lesser-included offense to Count Four of the indictment. The trial court entered a nolle prosequi on the three remaining counts at the request of the state.
 {¶ 4} On December 20, 2004, the matter proceeded to a sentencing hearing, at which time Corpening was sentenced to community control sanctions for a period of two years. As one of the conditions of his community control, Corpening was required to attend and complete an inpatient drug and alcohol treatment at NEOCAP, the Northeast Ohio Community Alternative Program. The judgment further stated that any violation of Corpening's community control "may result in a possible prison term of Eighteen (18) months."
 {¶ 5} On May 31, 2005, Brett Kiser, a representative of the Ashtabula County Adult Probation Department filed a complaint against Corpening for violation of his probation for failure to comply with the terms of his sentence, by reason of his unsuccessful termination from the NEOCAP program.
 {¶ 6} The matter was set for a probable cause hearing on June 28, 2005. Following this hearing, the trial court terminated Corpening's community control sanction, and sentenced him to eighteen months in prison for the possession charge, with credit of 222 days for time served. Upon pronouncing sentence, the trial judge made the following statement on the record: "I'm going to reimpose the original sentence of 18 months. You get credit for time served." This judgment was journalized on July 12, 2005.
 {¶ 7} Corpening timely appealed, assigning the following as error:
 {¶ 8} "The trial judge erred by not addressing and analyzing the factors set forth in O.R.C. Chapter 2929 before sentencing the [sic] Mr. Corpening to the maximum sentence allowed."
 {¶ 9} While this appeal was pending, Corpening was granted early release from incarceration, after successfully completing a prison "boot-camp" program. Since Corpening has served his sentence, this appeal is hereby dismissed as moot. State v.Fletcher, 11th Dist. No. 2005-L-116, 2006-Ohio-2496, at ¶ 8;State v. Hill, 11th Dist. No. 2005-A-0010, 2006-Ohio-1166, at ¶ 38; State v. Gabriel, 11th Dist. No. 2003-A-0126,2005-Ohio-2263, at ¶ 34; State v. Lane-Rout, 11th Dist. No. 2003-A-0037, 2005-Ohio-702, at ¶¶ 7-9.
Ford, P.J., Rice, J., concur.