MEMORANDUM OPINION
{¶ 1} On April 7, 2005, Appellant, Andre Corpening, pled guilty to one count of Possessing Criminal Tools, in violation of R.C. 2923.24, on April 7, 2005, and was sentenced to two years of community control.[1]
 {¶ 2} As one of the conditions of his community control, the court ordered Corpening to "continue in the current program of treatment at NEOCAP * * *, to follow all rules and regulations and [to] successfully complete the program." Corpening's treatment program through NEOCAP was imposed as a condition of the community control imposed by the trial court in Case No. 2003 CR 195 in the Ashtabula County Court of Common Pleas. See Statev. Corpening, 11th Dist. No. 2005-A-0059, 2006-Ohio-XXXX.
 {¶ 3} On June 1, 2005, the trial court issued a show cause order, ordering Corpening to appear for a hearing regarding a violation of his community control, based upon his failure to complete the treatment program at NEOCAP.
 {¶ 4} A hearing was held on June 28, 2005, in which the trial court found that Corpening had violated his community control, and sentenced Corpening to eleven months in the Lorain Correctional Institution, with credit for 84 days time served. After making a finding, pursuant to R.C. 2929.14(E)(4), that "consecutive sentences are necessary to protect the public from future crime and to punish the offender," the court ordered that this sentence be served consecutively with the sentence imposed in the prior case.
 {¶ 5} Corpening timely appealed, however, his counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, stating that his review of the record revealed no non-frivolous issue for appellate review. An Anders brief "challenges nothing, because no error is alleged." However, when an Anders
brief is filed, an appellate court is "required to conduct our own independent review for error." State v. Brown, 2nd Dist. No. 05CA1663, 2006-Ohio-3366, at ¶ 3, citing Penson v. Ohio
(1988), 488 U.S. 75.
 {¶ 6} While this appeal was pending, Corpening was granted early release from incarceration, after successfully completing a prison "boot-camp" program. Since Corpening has served his sentence, this appeal is hereby dismissed as moot. State v.Fletcher, 11th Dist. No. 2005-L-116, 2006-Ohio-2496, at ¶ 8;State v. Hill, 11th Dist. No. 2005-A-0010, 2006-Ohio-1166, at ¶ 38; State v. Gabriel, 11th Dist. No. 2003-A-0126,2005-Ohio-2263, at ¶ 34; State v. Lane-Rout, 11th Dist. No. 2003-A-0037, 2005-Ohio-702, at ¶¶ 7-9.
Ford, P.J., Rice, J. concur.
[1] On November 19, 2004, the Ashtabula County Grand Jury rendered a two-count indictment charging Corpening with one count of Tampering with Evidence (Count One), a felony of the third degree, in violation of R.C. 2921.12, and one count of Possessing Criminal Tools (Count Two), a felony of the fifth degree, in violation of R.C. 2923.24. These charges were based upon an incident which occurred on or about September 19, 2004. Following an initial plea of not guilty to both charges of the indictment, Corpening, on April 7, 2005, voluntarily withdrew his pleas of not guilty to both charges, and pled guilty to Count Two. The trial court entered a nolle prosequi as to the remaining charge.