OPINION
{¶ 1} In this appeal, defendant-appellant, Christopher D. Charlton, appeals his judgment of conviction and sentence imposed on March 2, 2006, in Trumbull County Court, Eastern District. For the reasons that follow, we reverse the judgment of the lower court, and vacate the void judgment of conviction and sentence originally entered on March 2, 2006.
 {¶ 2} On August 11, 2005, Charlton was charged with one count of Domestic Violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A), and one *Page 2 
count of Violating a Protection Order, a misdemeanor of the first degree, in violation of R.C. 2919.27(A)(2). The restraining order was issued for the benefit of Erika Jenkins, Charlton's former girlfriend, and their two children, C. and W.[1] Charlton entered a plea of not guilty on the same day. Following the entry of his plea, Charlton posted a $10,000 personal recognizance bond, and was ordered to be under house arrest during the pendency of the proceedings.
 {¶ 3} On January 5, 2006, a Crim.R. 11 agreement was reached. Charlton agreed to change his plea to no contest to the Domestic Violence count, and the charge of Violating a Protection Order was to be dismissed. The trial court adopted the recommendations of the prosecutor contained in the Rule 11 agreement, and found Charlton guilty of Domestic Violence. The matter immediately proceeded to sentencing, where Charlton was sentenced to 180 days in jail, suspended, and fined $1,000 and costs, with $750.00 of the fine being suspended. House arrest was terminated. The court additionally ordered that Charlton be placed on probation for a period of two years, and that he be required to submit to a psychiatric evaluation and avoid contact with Jenkins and her family.
 {¶ 4} Immediately following the proceedings, there was an altercation outside the courtroom in which words were exchanged between Charlton, Jenkins' father, Jerry, and one of the witnesses. Officer Thompson, who witnessed the events out in the hallway, stated "[t]here was some type of altercation, but I didn't hear any verbiage between any of the parties as far as threats or concerns." *Page 3 
 {¶ 5} The parties were called into the courtroom. The trial court ordered Charlton to remain under house arrest, "vacated" Charlton's sentence, and postponed sentencing until Charlton's pre-sentence investigation report and psychiatric evaluation were completed.
 {¶ 6} On February 16, 2006, Charlton appeared before the court. Charlton moved to withdraw his plea, and asked to have the matter set for trial. The court orally granted Charlton's motion to withdraw his plea. Charlton's attorney made a motion to withdraw from the case, which was also granted. The court set bond at $100,000 and Charlton was placed into custody.
 {¶ 7} On February 23, 2006, Charlton appeared before the court with new counsel. At this time, the trial judge informed Charlton that his motion to withdraw his plea would be conditioned upon him waiving his right to speedy trial, since the earliest the trial could be scheduled was April 4, 2006. Charlton stated that he did not wish to waive his speedy trial rights. At the hearing, Charlton challenged the validity of his psychiatric evaluation. The trial court agreed to postpone sentencing in order to allow Charlton to submit to another evaluation with the psychologist or psychiatrist of his choosing, subject to the approval of the court.
 {¶ 8} On March 2, 2006, Charlton appeared before the court for arraignment on a separate charge and for the purpose of determining whether the instant matter would go to trial or proceed to sentencing. At the hearing, Charlton informed the court that he had not yet secured the second psychiatric evaluation. Charlton was then asked if he was going to withdraw his plea and waive his speedy trial right, or be sentenced. Charlton declined to waive time, and the trial court sentenced him to 180 days in jail. Charlton began serving his sentence that day. *Page 4 
 {¶ 9} Charlton appealed this judgment on March 31, 2006. The appeal was subsequently dismissed by this court.[2]
 {¶ 10} On May 25, 2006, the trial court issued an order discharging Charlton from jail. At the time his discharge, Charlton had 53 days remaining on his sentence.
 {¶ 11} On June 22, 2006, a notice of alleged probation violation was filed with the trial court. The complaint alleged that Charlton had violated the terms of his probation by contacting Erica Jenkins at her place of employment. A hearing on the probation violation was scheduled for June 29, 2006.
 {¶ 12} On June 29, 2006, a hearing on Charlton's probation violation was held. On the same day, the court issued a properly journalized judgment finding Charlton guilty of a direct violation of the terms of his probation. Charlton was ordered to serve the remaining balance of his sentence, which was estimated to end on August 20, 2006.[3]
 {¶ 13} On October 12, 2006, the court filed a second journal entry, signed by the judge and time stamped, which contained a recapitulation of the case from August 11, 2005. This summary ended with an entry identical to that made on June 29, 2006. Aside from this journal entry, there is no indication that the court held any further proceedings regarding this case. *Page 5 
 {¶ 14} As an initial matter, we must determine whether Charlton's appeal was timely filed, since a "[f]ailure to file a timely notice of appeal * * * is a jurisdictional defect." State ex rel. BoardwalkShopping Ctr. Inc. v. Court of Appeals for Cuyahoga Cty. (1990),56 Ohio St.3d 33, 36 (citation omitted).
 {¶ 15} App.R. 3(A) states "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."
 {¶ 16} App.R. 4(A) requires that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *."
 {¶ 17} Our review of the briefs and the record indicates that Charlton's arguments on appeal relate solely to his judgment of conviction and sentence issued on March 2, 2006. As noted previously, Charlton initially appealed this judgment on March 31, 2006, and his appeal was subsequently dismissed by this court on July 14, 2006. At the time, this court stated that Charlton would "be able to file a new appeal once the trial court's judgment entry has been time-stamped."Charlton, 2006-Ohio-3643, at ¶ 5.
 {¶ 18} In order to terminate any criminal case "a trial court must issue a formal judgment entry which satisfies five basic requirements."Charlton, 2006-Oho-3643, at ¶ 4. Those requirements include (1) the case caption and number; (2) a designation as a decision, judgment entry, or both; (3) a clear pronouncement of the court's judgment, including the plea, verdict or findings, sentence, and the court's rationale if the entry is combined with an opinion; (4) the signature of the judge; and (5) a time stamp indicating *Page 6 
the filing of the judgment with the clerk for journalization. State vGinocchio (1987), 38 Ohio App.3d 105, 106; Crim.R. 32(C).
 {¶ 19} The term "judgment" is defined in Crim.R. 32(C), which provides "[a] judgment of conviction shall set forth the plea * * * and the sentence * * *. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered onthe journal by the clerk." (Emphasis added). Moreover, "[a] document not labeled `judgment' or `judgment entry,' nor unequivocally intended to be a judgment does not constitute a `judgment' in the formal sense. This is * * * true where no separate document is ever filed by the court."William Cherry Trust v. Hofmann (1985), 22 Ohio App.3d 100, 103
(citation omitted).
 {¶ 20} These rules "reflect the axiom that `a court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.'" State ex rel White v. Junkin, 80 Ohio St.3d 335,337, 1997-Ohio-340 (citation omitted). "A decision is not the oral pronouncement of the judge made from the bench, as distinguished from the more deliberate decision of the court speaking through its journal entry." State ex rel. Ruth v. Hoffman (1947), 82 Ohio App. 266, 268
(citation omitted).
 {¶ 21} With regard to the judgment of conviction and sentence of March 2, 2006, the October 12, 2006 judgment, although unusual in form, is the first judgment entry meeting the requirements of Ginocchio. Since Charlton's notice of appeal was filed within 30 days of the issuance of this judgment, his appeal was timely filed.
 {¶ 22} Charlton assigns the following as errors for our review:
 {¶ 23} "[1.] The trial court erred as a matter of law in vacating appellant's sentence and re-sentencing appellant. *Page 7 
 {¶ 24} "[2.] The trial court erred as a matter of law in denying appellant's motion to withdraw his guilty plea."
 {¶ 25} In his first assignment of error, Charlton argues that the trial court lacked jurisdiction to vacate his original sentence of January 5, 2006 and erred, as a matter of law, by imposing a harsher sentence on March 2, 2006.
 {¶ 26} As Charlton correctly notes, "once the trial court has ordered into execution a valid sentence, it may no longer either amend or modify that sentence * * *." State v. Clark, 8th Dist. No. 82519, 2003-Ohio-3969, at ¶ 20 (citation omitted); accord State v. Frazier, 11th Dist. Nos. 2001-L-052 and 2002-L-003, 2002-Ohio-7132, at ¶ 5 ("once a sentence is executed, `a trial court no longer has the power to modify the sentence except as provided by the General Assembly'") (citation omitted).
 {¶ 27} Since the judgment of January 5, 2006 was validly executed, the trial court retained no jurisdiction to vacate and later amend or modify Charlton's sentence on March 2, 2006. Clark, 2003-Ohio-3969, at ¶ 20. Judgments rendered by a court without jurisdiction to make them are void. State v. Awan (1986), 22 Ohio St.3d 121, 122 (citation omitted).
 {¶ 28} That said, the record reveals that Charlton has already served the maximum sentence that could have been imposed for first degree misdemeanor Domestic Violence. R.C. 2929.24 provides that the definite jail term "[f]or a misdemeanor of the first degree [is] not more than one hundred eighty days." R.C. 2929.24(A)(1). Thus, even though we agree with appellant that the trial court committed *Page 8 
error by amending his sentence, such issue is now moot.[4] SeeState v. Corpening, 11th Dist. No. 2005-A-0058, 2006-Ohio-5290, at ¶ 6, and the cases cited therein.
 {¶ 29} In his second assignment of error, Charlton argues that the trial court erred by failing to allow him to withdraw his prior guilty plea. We disagree.
 {¶ 30} Our review of the record reveals that Charlton's motion to withdraw his sentence was predicated solely on the trial court's improper attempt to vacate its original judgment of conviction and sentence. Since we agree with appellant that the original January 5, 2006 judgment is still in effect, the basis of his motion is likewise moot.
 {¶ 31} Charlton's second assignment of error is without merit.
 {¶ 32} For the reasons stated in the opinion of this court, we reverse and vacate the void judgment of conviction and sentence originally entered on March 2, 2006. Appellant's basic conviction and sentence of January 5, 2006 remains in full force and effect.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] The restraining order contained a limited exception for prearranged visitation with his children.
[2] On July 14, 2006, this court issued an opinion dismissing the appeal. See State v. Charlton, 2006-T-0044, 2006-Ohio-3643. This court held that it did not have jurisdiction to hear Charlton's appeal, since the judgment entry had not been properly time-stamped. Id. at ¶ 4. Additionally, this court concluded that had the court rendered a proper final judgment, the appeal would have been subject to dismissal with prejudice because Charlton had failed to comply with App.R.3(A) by not filing his appeal with the proper clerk of courts. Id. at ¶ 5. However, since the court had not rendered a proper final judgment, our court concluded that Charlton would be able to file a new appeal once the trial court's judgment entry had been properly time-stamped if he filed the appeal with the clerk of the county court. Id.
[3] The judgment entry, in an obvious clerical error, stated that his term of incarceration was to end on August 20, 2009, rather than August 20, 2006. Appellant's actual date of discharge was on August 21, 2006.
[4] The record of the trial court reveals at least one instance in which Charlton was charged and found guilty of a probation violation. On June 29, 2006, the court entered judgment ordering Charlton to "serve out [his] remaining sentence," ending August 20, 2006. R.C.2929.25(A)(3)(c) provides that "if any of the conditions of the community control sanctions are violated, the court may * * * [i]mpose a definite jail term from the range of jail terms authorized for the offense." *Page 1