PER CURIAM OPINION
{¶ 1} This action in prohibition is presently before this court for consideration of respondents' motion to dismiss the sole claim of relator, Ed Davis. As the primary basis for their motion, respondents submit that relator's petition fails to state a viable claim for the writ because his own allegations support the legal conclusion that respondents are not engaging in any quasi-judicial activity. For the following reasons, we hold that the motion to dismiss has merit. *Page 2 
 {¶ 2} Relator is presently incarcerated in the Trumbull Correctional Institution in Leavittsburg, Ohio. In bringing the instant action, relator is seeking a determination that respondents, as representatives of the state penal system, have attempted to exercise quasi-judicial authority by denying him certain jail-time credit. According to relator, the three representatives include: (1) William A. Eleby, Chief of the Bureau of Classification; (2) Richard Gansheimer, Warden of the Trumbull prison; and (3) Wendy Booth, Records Office Supervisor of the Trumbull prison.
 {¶ 3} In his prohibition petition, relator asserts that his incarceration in the state penitentiary is predicated upon an April 1998 conviction in the Mahoning County Court of Common Pleas. In that case, he was found guilty of one count of felonious assault and two accompanying specifications. For his sentence, the trial court ordered relator to serve a term of twelve to fifteen years on the primary offense and a separate term of three years on a firearm specification.
 {¶ 4} As part of his factual allegations, relator further asserts that he was held in the Mahoning County Jail for a significant period prior to the beginning of his trial. As a result, he moved the trial court to dismiss the felonious assault charge on the grounds that he had been denied his right to a speedy trial. In its judgment entry overruling that motion, the trial court first noted that relator had been incarcerated in the county jail for a period "in excess of 450 days." However, the trial court also noted that the state had established that relator's confinement had also been based upon a parole holder; thus, he was not entitled to the benefit of the triple-count provision of R.C.2945.71(E).
 {¶ 5} Relying upon the Mahoning County trial court's reference to the duration of his incarceration prior to his trial, relator contends in his sole claim before this court *Page 3 
that when he was ultimately sentenced in the criminal case, he was entitled to receive a jail-time credit of at least four hundred fifty days. He further contends that, in setting the date for his first possible parole hearing, respondents have refused to recognize such a credit in his favor. In light of this, he maintains that respondents are usurping the power of the Mahoning County trial court by making a judicial determination as to whether he is entitled to the credit. Accordingly, he seeks the issuance of a writ to enjoin them from exercising any judicial authority and require them to give him the appropriate credit.
 {¶ 6} As relator aptly notes in his petition, the Supreme Court of Ohio has stated that, pursuant to R.C. 2967.191, the Ohio Adult Parole Authority has a legal obligation to give an inmate credit for any jail time he may have served prior to the imposition of his sentence.State ex rel. Rankin v. Adult Parole Auth., 98 Ohio St.3d 476,2003-Ohio-2061, at ¶ 7. In considering the extent of the Adult Parole Authority's duty, this court has indicated that the Adult Parole Authority has not been afforded any discretion to decide what amount of credit must be given; instead, its role is limited to enforcing the credit as determined by the trial court. State ex rel. Petty v. PortageCty. Court. of Common Pleas (Oct. 17, 1997), 11th Dist. No. 97-P-0041, 1997 Ohio App. LEXIS 4684. Given that the Adult Parole Authority itself has no basic statutory power to calculate a jail-time credit, it follows that no other state prison official has that ability.
 {¶ 7} Rather, the duty to complete the calculation lies solely with the trial court which imposes the actual sentence. Rankin, 2003-Ohio-2061, at ¶ 7. In relation to the trial court's performance of that duty, we have stated that the final determination of the amount of the credit should be contained in the final sentencing judgment.State ex rel. Miller v. Court of Common Pleas (May 2, 1997), 11th Dist. No. 96-P-0006, *Page 4 
1997 Ohio App. LEXIS 1820. Furthermore, it has been consistently held that if the trial court errs in making the calculation, the inmate's remedy is through a direct appeal of the criminal conviction. Rankin, 2003-Ohio-2061, at ¶ 10.
 {¶ 8} In support of the instant claim for relief, relator has attached to his petition copies of the Mahoning County trial court's sentencing judgment and its judgment on the "speedy trial" motion. Our review of the sentencing judgment readily indicates that it does not contain any reference to the calculation of a jail-time credit. Moreover, even though the "motion" judgment does refer to the fact that relator was held in the county jail for a significant period, the trial court never held that relator was entitled to credit for that period. In fact, the issue is never even raised in the judgment.
 {¶ 9} In his petition, relator acknowledges that neither judgment had an express finding on the "credit" issue. Despite this, relator submits that since the trial court never stated that he was not entitled to the credit, the court intended for him to be credited for the entire time he has held in the county jail. In essence, relator believes that it should be inferred that he was granted the credit.
 {¶ 10} As to this point, this court would reiterate that, under the relevant case law of this state, any error in the trial court's calculation of the jail-time credit must be raised in a direct appeal of the sentencing judgment. Obviously, if the trial court's decision is not expressly stated in the judgment, it would be impossible for a party to truly contest the matter on appeal. As a result, logic dictates that a trial court has a duty to set forth its "credit" decision in the written judgment. Furthermore, if that judgment does not have a reference to the "credit" issue, it can only be inferred that the trial court did not intend to award any such credit at that time. *Page 5 
 {¶ 11} As part of his response to the motion to dismiss his claim, relator asserts that the Mahoning County trial court stated during the sentencing hearing that he would be given jail-time credit. However, inMiller, 1997 Ohio App. LEXIS 1820, we held that any "credit" determination must be delineated in the trial court's sentencing judgment. This holding is consistent with the basic proposition that a court of record only "speaks" through a journal entry, not by oral pronouncement. See State v. Charlton, 11th Dist. No. 2006-T-0120,2007-Ohio-5202, at ¶ 20. Thus, if the underlying case truly involves a situation in which the trial court simply forgot to grant such a credit in its final judgment, relator's remedy would be a motion for a nunc pro tunc entry before the trial court.
 {¶ 12} Finally, relator emphasizes that when he was initially taken to prison after his conviction in 1998, he was given an "update" sheet which stated that he had been given a credit for six hundred fifty eight days. According to relator, this sheet constitutes proof that it had been intended for him to receive the credit. But because the case law dictates that the "credit" determination must be made by the trial court, it follows that a statement on a prison record is simply not controlling on the issue of whether any credit was actually awarded.
 {¶ 13} To prevail on a claim in prohibition, the relator must be able to establish, inter alia, that the respondent is intending to exercise judicial or quasi-judicial authority. See State ex rel. The LeatherworksPartnership v. Stuard, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, at ¶ 15. In the instant matter, relator has not alleged that the Mahoning County trial court ever issued a judgment which expressly granted him an award of jail-time credit. Therefore, the fact that respondents refuse to recognize such a credit does not mean that they are engaging in the exercise of quasi-judicial authority; instead, the *Page 6 
only logical inference is that respondents have not recognized a credit in relator's favor because, since the trial court has not expressly made such an award, they do not have the statutory ability to do so. To this extent, the dismissal of relator's prohibition petition is warranted under Civ.R 12(B)(6) because, even when relator's factual allegations are construed in a manner most favorable to him, they are still legally insufficient to show that he will be able to prove a set of facts under which he could satisfy all elements for a writ of prohibition. Id., 2002-Ohio-6477, at ¶ 25.
 {¶ 14} Consistent with the foregoing analysis, respondents' motion to dismiss the prohibition petition is granted. It is the order of this court that relator's entire prohibition petition is hereby dismissed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1